Taft, J.,
concurring. There are no common-law rimes in Ohio. It follows that all crimes are statutory, unhermore, it is well established that penal statutes must be strictly construed. Sée 12 Ohio Jurisprudence, Section 12.
In order to sustain the conviction in the instant case, must appear that what the defendant did comes s in the description of the language of Section • - J4, General Code, reading, “Whoever practices ■íedicine or surgery, or any of its branches before obtaining a certificate from the State Medical Board in the manner required by law.”
Admittedly, defendant is not charged with having done anything ‘before obtaining a certificate from the State Medical Board in the manner required by law.” Admittedly, she had not one but three such certificates, each authorizing her to practice a particular branch of medicine or surgery.
The statute does not make it a crime to do something amounting to the practice of medicine or surgery before a certificate is obtained authorizing the *425 doing of such thing. To construe it as so providing is to extend the statute by construction to things not within its descriptive terms.
In State v. Meyers, 56 Ohio St., 340, 47 N. E., 138, the first paragraph of the syllabus reads:
“A statute defining a crime or offense cannot be extended, by construction, to persons or things not within its descriptive terms, though they appear to be within the reason and spirit of the statute.”
This court should not read into the statute words, which it does not contain, in order to make the statute read as this court believes the General Assembly should have made it read.
The certificates “from the State Medical Board” which defendant had did not authorize defendant to practice anything but the limited branches of medicine and surgery specified therein. If she did exceed the authority so given her by those certificates, then the State Medical Board was authorized by the General Assembly to revoke or suspend those certificates. Section 1274-6, General Code. It does not follow that, before such revocation or suspension, she could be convicted under Section 12694, General Code. The words of the latter statute do not state that it shall be a crime for someone having a certificate “from the State Medical Board” to do something beyond the authority granted by such certificate.